FILED

2017 Aug-25  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **THE UTILITIES BOARD OF THE CITY OF CULLMAN, ALABAMA,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO:** |
| **v.** | ) ) | _____ |
| **CH2M HILL ENGINEERS, INC.; ASI CONSTRUCTORS, INC.; and WESTERN SURETY COMPANY,** | ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT CH2M HILL ENGINEERS, INC.'S
## NOTICE OF REMOVAL

Defendant CH2M Hill Engineers, Inc. ("CH2M"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this action from the Circuit Court of Cullman County, Alabama, where it is now pending as Civil Action No. 25-CV-2017-900273.00, to the United States District Court for the Northern District of Alabama, Northeastern Division.

## I.    INTRODUCTION.

1.    On July 28, 2017, Plaintiff The Utilities Board of the City of Cullman, Alabama ("Plaintiff" or "Cullman") commenced this action by filing a Complaint styled <u>The Utilities Board of the City of Cullman, Alabama v. CH2M Hill</u>

<u>Engineers, Inc. et al.</u>, Civil Action No. 25-CV-2017-900273 in the Circuit Court of Cullman County, Alabama.

2.     The Complaint alleges Plaintiff was injured as a result of the alleged breach of contract and negligence of the Defendants.  In the Complaint, Plaintiff alleges CH2M failed to adequately design or oversee construction of the Duck River Reservoir Dam ("Dam"), that ASI Constructors, Inc. ("ASI") failed to properly construct the Dam and that Western Surety Company ("Western Surety") has failed to satisfy its contractual obligations owed to Cullman pursuant to a performance bond issued by Western Surety.

## II.     <u>REMOVAL IS TIMELY AND PROCEDURALLY PROPER.</u>

3.     Defendant CH2M was served with a copy of the summons and complaint via certified mail on August 3, 2017.

4.     Removal of this action is timely as it is being filed within thirty (30) days of the Defendant's receipt through service of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, in accordance with 28 U.S.C. § 1446(b)(1).

5.     This Notice of Removal is being filed in the United States District Court for the Northern District of Alabama, Northeastern Division, being the district and division of the United States District Court for the Northern District of Alabama for the County in which this action is pending, in accordance with 28

U.S.C. § 1446(a).

6.      A true and correct copy of the entire state court file is attached and incorporated herein by reference as Exhibit A in accordance with 28 U.S.C. § 1446(a).

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed today with the Clerk for the Circuit Court of Cullman County, Alabama.

8.      This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## III.   THE DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED.

9.      District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).

10.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business.

11.     Plaintiff is alleged in the Complaint to be a public utility formed in the state of Alabama.  (Compl. ¶ 1).

12.     Plaintiff is alleged to operate a public utility in Cullman County, Alabama, where its principle place of business is located.

13.     Plaintiff is therefore a citizen of the State of Alabama.

14.     Defendant CH2M is a Delaware corporation, with its principal place of business in Colorado and, therefore, is a citizen of the State of Colorado.

15.     Defendant ASI is a Colorado corporation, with its principal place of business in Colorado and, therefore, is a citizen of the State of Colorado.  ASI has consented to this Removal.

16.     Defendant Western Surety is a South Dakota corporation, with its principal place of business in South Dakota and, therefore, is a citizen of the State of South Dakota. Western Surety has consented to this Removal.

17.     Complete diversity of citizenship exists between Plaintiff and Defendants.

## IV.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

18.     Plaintiff alleges its injuries were caused by Defendants' breach of contract or negligent conduct.  Plaintiff does not specify its total damages, but alleges it was caused to suffer damages in excess of $370,000.00 for a supplemental drainage system (Compl. ¶17), additional corrective work in the amount of $250,000.00 (Compl. ¶37) and unspecified damages for breach of contracts with a value of $8,000,000.00 to CH2M and over $50,000,000.00 to ASI

(Compl. ¶47).

19.     In a case where damages are not specified by the plaintiff, the removing party must show by a preponderance of the evidence the $75,000.00 amount in controversy requirement is satisfied.  See Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1209 (11th Cir. 2007)).

20.     "A defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).   Rather, when a removing defendant makes specific factual allegations establishing jurisdiction and supports those allegations with evidence, the District Court is free to make "reasonable deductions, reasonable inferences and other reasonable extrapolations" from the evidence to determine whether the jurisdictional requirement is satisfied.  See id.

21.     The District Court is not required to suspend reality or shelve common sense in determining whether the jurisdictional amount has been satisfied. See, Roe, 637 F. Supp. 2d at 999.  The District Court should look at the types of claims asserted and use its judicial experience and common sense to determine whether the type of claims asserted dictate the value of Plaintiff's claims more likely than not exceed the jurisdictional minimum.  See e.g., Luckett v. Delta Airlines, Inc. 171 F.3d 295, 298 (5th Cir. 1999).

22.    The injuries and damages claimed in Plaintiff's Complaint clearly meet the jurisdictional minimum, as two of the alleged categories of damage total $620,000.00.

23.    Moreover, the unspecified damages for breach of two (2) contracts that totaled over $58,000,000.00 certainly exceeds $75,000.00 and this Court is allowed to use its judicial experience and common sense to take judicial notice of that fact.

WHEREFORE, CH2M removes this action from the Circuit Court of Cullman County, Alabama to this Honorable Court and requests this Honorable Court assume subject matter jurisdiction over this civil action to the exclusion of any further proceedings in state court.

### DEFENDANT DEMANDS A TRIAL STRUCK BY JURY.

Dated:  August 25, 2017.

Respectfully submitted,

BY: /s *E. Britton Monroe*
        E. Britton Monroe (ASB-1454-072E)
        Brian M. McClendon (ASB-1499-B44M)
        C. Elise Gilbert (ASB-7388-M19Y)
        *Attorneys for Defendant,*
        *CH2M Hill Engineers, Inc.*

**OF COUNSEL:**

**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile:  (205) 967-2380
Email:  bmonroe@lgwmlaw.com
        bmcclendon@lgwmlaw.com
        egilbert@lgwmlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing was served upon the following counsel of record by efiling and/or electronic mail by United States Mail, on this the 25th day of August, 2017.

R. Carlton Smyly
**CABANISS, JOHNSTON, GARDNER,**
**DUMAS & O'NEAL, LLP**
Park Place Tower
2001 Park Place Tower North, Suite 700
Birmingham, Alabama 35203
(205) 716-5200
rcs@cabaniss.com
*Attorney for Plaintiff*
*The Utilities Board of The City of Cullman, Alabama*

Roy W. Williams
**JACKSON & WILLIAMS**
416 First Avenue S.E.
Cullman, Alabama 35055
(256) 739-2546
rwwilliamsjr@bellsouth.net
*Attorney for Plaintiff*
*The Utilities Board of The City of Cullman, Alabama*

T. Louis Coppedge
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama  35203
lcoppedge@maynardcooper.com
*Counsel for ASI Constructors, Inc.*

Thomas L. Selden
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
Birmingham, Alabama   35259
TSelden@starneslaw.com
*Counsel for Western Surety Company*

/s ***E. Britton Monroe***
OF COUNSEL